**Mesudin BECOVIC, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 04–3030–ag.**

United States Court of Appeals,
Second Circuit.

May 31, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Charles Christophe, New York, New York, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, Texas, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. AMALYA L. KEARSE, and Hon. DENNIS JACOBS, Circuit Judges.

### SUMMARY ORDER

Petitioner Mesudin Becovic (A78–727–688), a citizen of Montenegro, Federal Republic of Yugoslavia, through counsel, petitions for review of an order of the BIA entered on May 10, 2004, affirming a January 21, 2003 decision of Immigration Judge ("IJ") Joseph A. Russelburg. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision, this Court reviews the IJ's decision rather than that of the BIA. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews *"de novo* questions of law regarding what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). Generally, "compulsory military service does not provide asylum seekers with adequate cause for claiming persecution." *Id.* However, there are two exceptions to the general rule: (1) when an applicant's "refusal to serve in the military leads to disproportionately excessive penalties, inflicted on him or her because of that individual's race, religion, nationality, membership in a particular social group, or political opinion"; or (2) when an applicant "is fleeing to avoid punishment for refusing to join a military force con-

demned by the international community." *Id.* (internal quotation marks omitted).

■ In the present case, the government introduced evidence that the Federal Republic of Yugoslavia has granted amnesty to those who had avoided serving in the military from April 1992 to October 2000. Thus, Becovic's alleged fear of future persecution on that basis is not objectively reasonable. Although he states that he believes that the law will not protect him as a result of his Albanian ethnicity, he provides no support for that claim.

■ Additionally, Becovic provides no evidence that he would be persecuted otherwise because of his Albanian ethnicity. The 2001 U.S. Department of State Report on the Federal Republic of Yugoslavia indicates that, although "there were serious problems in some areas" of Montenegro, "[t]he Republic Government generally respected the human rights of its citizens." Although Albanians such as Becovic may have suffered great harm prior to President Slobodan Milosevic's defeat in October 2000, Becovic has provided no evidence that he would face the threat of such harm if he were to return to Montenegro at this time. As stated above, the U.S. State Department's Report indicates that, if he were to return, his rights are likely to be respected.

Finally, we lack jurisdiction to entertain Becovic's contention that he was entitled to CAT relief, because he failed to raise that claim before the BIA. *See Gill v. INS*, 420 F.3d 82, 85 (2d Cir.2005)("Section 1252(d)(1) of Title 8 of the United States Code provides, in pertinent part, that federal courts 'may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.' ").

The petition for review is, therefore, DENIED. Our review having been com-

pleted, Becovic's pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).